UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY NORGAH | CIVIL ACTION |
| VERSUS | NO: 08-1203 |
| KENNER POLICE DEPARTMENT, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 60)** filed by Defendant Army Corps of Engineers pursuant to Federal Rule of Civil Procedure 12(b)(1). Judy Nograh, *pro se* Plaintiff, opposes this motion. (Rec. Docs. 61, 62). The motion, set for hearing on March 18, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed a complaint in this court on March 17, 2008, alleging various claims against Crown Roofing, the Kenner Policy Department, and the Army Corps of Engineers. Plaintiff alleges that Crown Roofing's workers made false police reports against her. Further, she alleges that they performed maintenance work on her trailer and did a poor maintenance job. She also complains of formaldehyde poisoning affecting her and her son. Regarding the City of Kenner, Plaintiff alleges

that on August 6, 2006, she was told to get out of the ambulance in which she was riding or she would be dragged out of it. She was eventually removed from the ambulance and brought home by law enforcement personnel. As to this Defendant, the Plaintiff claims to be suing the Army Corps of Engineers "because of the hurricane" and the fact that the "levee busted."

On October 8, 2008, the Court granted Motions to Dismiss against two of the Defendants in this action, City of Kenner and Crown Roofing Services, Inc. (Rec. Doc. 21).

## II. DISCUSSION

Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc., v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)). Under Federal Rule of Civil Procedure 12(b)(1), the defendant asserts that this Court does not have proper subject matter jurisdiction over the claims against it. The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim, and the Court should consider the jurisdictional attack before any attacks on the merits. *Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001).

The Army Corps of Engineers moves to dismiss Plaintiff's claims on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claim against the Army Corps of Engineers (Rec. Doc. 60). In particular, the Army Corps of Engineers argues that dismissal is appropriate for the following reasons: (1) the plaintiff's action presumably sounds in tort under the Federal Tort Claims Act ("FTCA"); and (2) the proper defendant in an action under the FTCA is the United States of America. (Corps Mem. in Supp. p. 1). The Army Corps of Engineers contends that courts have consistently held that government agencies and employees cannot be sued under the FTCA.

*See Galvin v. Occupationa Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)(citations omitted).

Plaintiff opposes the Army Corps of Engineers motion, arguing that proposed legislation in the United States House of Representative (H.R. 1052, 110th Congress) would allow direct suits against the Army Corps of Engineers for its negligence. (Pl. Mem. in Opp. p. 1).

After reviewing the arguments of the parties, the Court is persuaded by the Army Corps of Engineers. While the Plaintiff correctly points out that the proposed legislation would allow for a suit directly against the Army Corps of Engineers, it remains merely proposed legislation and not law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 60)** filed by the Defendant Army Corps of Engineers is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims against the Defendant Army Corps of Engineers are **DISMISSED** with prejudice.

April 8, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE